**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
(Western Division)

| | |
|---|---|
| **In re:** | |
| **NORTHERN BERKSHIRE HEALTHCARE, INC., et al.**[1] | Chapter 7 |
| | Case No. 14-30327-HJB |
| **Debtors.** | Jointly Administered |

**MOTION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO ENTER
INTO TERM SHEET AND USE AND OCCUPANCY AGREEMENT**
(*Emergency Determination Requested*)

Harold B. Murphy (the "Trustee"), the Chapter 7 trustee of Northern Berkshire Healthcare, Inc., Northern Berkshire Healthcare Physicians Group, Inc., and Visiting Nurse and Hospice of Northern Berkshire, Inc. (collectively the "Debtors"), moves the Court for authority to enter into the *Term Sheet for Stalking Horse Bid for Hospital and Family Medicine Building* (the "Term Sheet") with Berkshire Medical Center, Inc. ("BMC") and for the approval of a use and occupancy agreement with BMC (the "U&O Agreement"[2]). The Term Sheet and the U&O Agreement (copies of which are attached as Exhibits A and B, respectively) will permit the opening of an emergency department at the North Adams Regional Hospital (the "Hospital") in the most expeditious manner possible. The Term Sheet is the product of a cooperative effort by the Trustee, BMC, Wells Fargo Bank, N.A., as Indenture Trustee, and Attorney General for the Commonwealth of Massachusetts, and enjoys the support of these constituents. The Term Sheet also provides the outline of a sale of substantially all of the Debtors' tangible assets to BMC or a

---

[1] The other debtors in these jointly administered cases are: (a) Northern Berkshire Healthcare Physicians Group, Inc., bankruptcy number 14-30329-HJB; and (b) Visiting Nurse & Hospice of Northern Berkshire, Inc., bankruptcy number 14-30330-HJB.

[2] Unless otherwise defined herein, all capitalized terms used in this Motion shall have the meanings ascribed to them in the U&O Agreement, to the extent defined therein.

higher or better bidder in a fashion that does not interrupt the emergency department services to North Adams and the surrounding communities.  The U&O Agreement is necessary in order to permit BMC to re-open an emergency department at the Hospital as soon as practicable and without having to wait for the sale process to be completed.  Granting the Trustee the authority to enter into the Term Sheet and approving the U&O Agreement are in the best interests of the Debtors' bankruptcy estates.

In further support of this motion, the Trustee avers as follows:

### JURISDICTION & VENUE

1. The Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On April 3, 2014 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.  The Trustee was appointed on April 3, 2014.

3. Northern Berkshire Healthcare, Inc. ("NBH") is a non-profit healthcare corporation located in northern Berkshire County, Massachusetts and is the sole member of the other two Debtors, which are also non-profit corporations.  Prior to the Petition Date, NBH operated the Hospital and the other Debtors operated associated medical practices in North Adams, Massachusetts.

4. Prior to the Petition Date, the Debtors ceased providing medical services and moved any patients to other hospitals.  The Debtors discharged substantially all of their employees prior to the Petition Date.

5.      The Trustee is working with various creditor constituencies and other interested parties to insure the orderly liquidation of the Debtors' assets, the transition of patient records to BMC, and BMC's provision of critical medical services to the local community.  With the approval of the Court, the Debtors' bankruptcy estates have retained a core group of the Debtors' former employees to assist the Trustee in carrying out his duties, and are using cash collateral to do so.  *See* Docket No.s 43 and 44.

### REQUESTED RELIEF

6.      The Term Sheet memorializes, among other things, BMC's offer to purchase substantially all of the Debtors' tangible assets (collectively the "Purchased Assets") for a total of $4,000,000.  The Term sheet provides that contemplated sale of the Purchased Assets will be documented by an asset purchase agreement (the "APA") and will be subject to sale procedures that comply with the Bankruptcy Code, including the solicitation of competing offers for the Debtors' assets.  Both the APA and the sale procedures will be filed with and are subject to the Court's approval.  Accordingly, the Trustee is not presently seeking the Court's approval of the transactions contemplated in the Term Sheet, but instead seeks the authority to enter into the Term Sheet.

7.      The Trustee also requests that the Court approve the U&O Agreement.  The U&O Agreement is necessary to permit BMC to occupy the Hospital and associated buildings (collectively the "Buildings") as necessary for BMC to operate a satellite emergency medicine department and ancillary radiology, laboratory and records services.

8.      Under the U&O Agreement, BMC will occupy the Buildings until the earlier of: (a) the sale of the Purchased Assets to BMC, or (b) the period after the closing of an alternative transaction, not to exceed 365 days, that the Commonwealth of Massachusetts determines is

reasonably necessary for BMC to continue providing satellite emergency medicine department and associated operations (collectively, "EMD") pursuant to applicable non-bankruptcy law with BMC retaining the right to terminate on 90 days' notice consistent with such applicable non-bankruptcy law as reasonably necessary to allow MBC to wind down the operation of BMC's proposed EMD in a manner consistent with such law and to make available appropriate EMD services to the community at an alternative location (the "Occupancy Period"). The U&O Agreement provides, among other things, for BMC's payment of operating expenses of the Premises, insurance and indemnification of the estate and accommodates the sale process, the wind down and liquidation activities of the Trustee's employees, due diligence by potential bidders and a post-sale accommodation of the emergency medicine operations in the event of a sale to an alternative bidder.

9. The approval of the U&O Agreement will benefit the Debtors' bankruptcy estates both because it will facilitate the opening of an emergency department at the Hospital that will benefit the surrounding community, and because it will provide funding for the costs of maintaining the Debtors' assets pending the anticipated sale of those assets.

10. Granting the Trustee the authority to enter into the Term Sheet is in the best interests of the Debtors' bankruptcy estates because it is a precondition for BMC to commence its occupancy and payment of operating expenses of the Premises, although the definitive terms of the sale process will be memorialized in a bidding procedures motion and proposed bidding procedures order and the definitive terms of the purchase and sale of the Purchased Assets will be contained in an asset purchase agreement that will be presented to the Court in the near future.

**EMERGENCY DETERMINATION REQUESTED**

11.     Prior to ceasing its operations shortly before the Petition Date, the Hospital operated an emergency department which provided critical services to North Adams and the surrounding communities.  Emergency determination of this motion is appropriate under the circumstances in order to allow BMC to occupy the Buildings for the purpose of reestablishing the emergency department and to commence providing the emergency services the community needs as soon as practicable.

**NOTICE**

12.     Copies of this motion have been served on (a) any party which has filed a notice of appearance in the Debtors' cases; (b) the Office of the United States Trustee; (c) the Internal Revenue Service; (d) the Massachusetts Department of Revenue, (e) the Attorney General of the Commonwealth of Massachusetts; (f) the Pension Benefit Guaranty Corporation; (g) BMC; (h) Wells Fargo Bank, N.A.; and (i) the Debtors' twenty (20) largest unsecured creditors.  The Trustee requests that such notice be deemed sufficient and appropriate notice.

[this space intentionally left blank]

WHEREFORE, the Trustee requests an order of the Court (a) authorizing him to enter into the Term Sheet; (b) approving the U&O Agreement; and (c) granting such other relief as is just and proper in the circumstances.

Respectfully Submitted,

HAROLD B. MURPHY, Trustee,
By his proposed counsel,

/s/ *D. Ethan Jeffery*
Harold B. Murphy (BBO #362610)
D. Ethan Jeffery (BBO #631941)
Michael K. O'Neil (BBO #685025)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, MA  02108-3107
Tel: (617) 423-0400
Fax: (617) 423-0498
moneil@murphyking.com

Dated:  April 28, 2014

668532