# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Western Division)

|  |  |
|---|---|
| In re:<br><br>**NORTHERN BERKSHIRE HEALTHCARE, INC., et al.[1]**<br><br>**Debtors.** | **Chapter 7**<br><br>**Case No. 14-30327-HJB**<br><br>**Jointly Administered** |

## SECOND BRIDGE ORDER EXTENDING INTERIM ORDER GRANTING EMERGENCY USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION PENDING FINAL HEARING

**THIS MATTER** having come before this Court upon a motion (the "Motion") by Harold B. Murphy (the "Trustee"), the Chapter 7 trustee for the above-captioned debtors (collectively, the "Debtors") in these chapter 7 cases (the "Chapter 7 Cases"), seeking, among other things, entry of an interim order on an emergency basis authorizing, inter alia, the Trustee to (i) use cash collateral of Wells Fargo Bank, N.A., not individually, but as indenture trustee (the "Indenture Trustee") under Master Trust Agreement[2] by and among the Indenture Trustee and the Debtors dated as of June 1, 2012 (as supplemented and amended, the "Indenture"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2002, 4001, and 9014, and MLBR 4001-2, (ii) provide interim adequate protection to Indenture Trustee as described below; and (iii) schedule a final hearing on the Motion;

---

[1] The other debtors in these jointly administered cases are: (a) Northern Berkshire Healthcare Physicians Group, Inc., bankruptcy number 14-30329-HJB and (b) Visiting Nurse & Hospice of Northern Berkshire, Inc., bankruptcy number 14-30330-HJB.

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the Interim Order and the Indenture (as that term is defined in the Interim Order) to the extent defined therein.

1

**THE COURT HAVING CONSIDERED THE MOTION** and the evidence submitted at the hearings on the Motion held on April 10, 2014, April 24, 2014 and May 27, 2104 (collectively, the "Hearings"), and in accordance with Bankruptcy Rules 2002, 4001(b) and (d), and 9014 and the local rules of the Court; due and proper notice of the Motion and the Hearings having been given; and the Hearings having been held and concluded; the Court having entered an Interim Order Granting Emergency Use of Cash Collateral and Providing Adequate Protection Pending Final Hearing dated April 25, 2014 [doc. no. 71] (the "Interim Order"); and it appearing that approval of the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors' property pending a final hearing and is otherwise fair and reasonable and in the best interests of the Debtors, their creditors and their estates, and is essential for the preservation and liquidation of the Debtors' assets; and all objections, if any, to the entry of this order having been withdrawn, resolved or overruled by this Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.     The Indenture Trustee is entitled to additional adequate protection in the form of the payments provided for herein.

B.     Except as modified hereby, the other terms of the Interim Order shall govern the Trustee's use of cash collateral prior to the Final Hearing.

**NOW, THEREFORE,** based on the Motion of the Trustee and the record before this Court with respect to the Motion, and with the consent of the Trustee and the Indenture Trustee to the form and entry of the Interim Order, and good and sufficient cause appearing therefor, it is hereby ordered that:

1.     **Motion Granted.** The Motion is granted to the extent set forth herein.

2

2.    **Use of Cash Collateral.** The Trustee is authorized to use cash collateral through June 27, 2014, substantially in accordance with the budget attached to the Interim Order (the "Budget").

3.    **Reporting.** On or before the fifteenth (15th) day of June 2014, the Trustee shall deliver to the United States Trustee and the Indenture Trustee a report for the preceding calendar month in form reasonably acceptable to the Indenture Trustee showing: (a) receipts from the collection of accounts receivable during the preceding calendar month; (b) an aged trial balance of any outstanding accounts receivable at the end of the preceding calendar month; (c) a schedule of disbursements during the preceding calendar month; (d) a statement showing the amount and explanation of the variances between such actual receipts and disbursements and the Budget; (e) the beginning and ending cash for the reporting period; and (f) and an updated Budget if receipts or disbursements in future periods are expected to vary materially from the Budget in future reporting periods.

4.    **Inspection of Collateral.** Employees and representatives of the Indenture Trustee may inspect the Collateral, including the books and records relating thereto, at mutually-agreeable times during normal business hours after two (2) Business Day's telephone or written notice to the Trustee and his counsel. The Trustee's employees shall be reasonably available during each such inspection to facilitate such inspections.

5.    **Adequate Protection Payments.** As and for additional adequate protection, the Trustee shall pay the Indenture Trustee $1,500,000 on or before June 13, 2014.

6.    **Challenge Period For Certain Pre-Petition Liens and Claims.** The Trustee shall, on or before July 1, 2014 (the "Challenge Period Deadline"), raise any objection, claim, offset, counterclaim or other challenge (collectively, a "Challenge") to any pre-petition claim or

3

lien asserted by the Indenture Trustee, or any such Challenge shall be deemed to be forever

waived and released by the Trustee; provided that, the Challenge Period Deadline and any

waiver and/or release associated with the Challenge Period Deadline shall not apply to: (a) any

claim and/or lien asserted by the Indenture Trustee against causes of action under Chapter 5 of

the Bankruptcy Code or any proceeds of such causes of action, which are excluded from the

Replacement Lien of the Indenture Trustee by the terms of the Interim Order, (b) any claim

and/or lien asserted by the Indenture Trustee against commercial tort claims (as defined in the

Uniform Commercial Code as enacted in the Commonwealth of Massachusetts), (c) any claim

and/or lien asserted by the Indenture Trustee against funds held by the Debtors in restricted or

reserved accounts, and (d) any claims against the Indenture Trustee under Section 506(c) of the

Bankruptcy Code (collectively the "Excluded Claims and Assets").  All of the Trustee's and the

Indenture Trustee's respective rights, claims and defenses with respect to the Excluded Claims

and Assets are fully preserved.

7.    **Interim Order Effective.**  Except as expressly modified hereby, the provisions of

the Interim Order, including the provisions granting a Replacement Lien, shall remain in full

force and effect and be binding upon and inure to the benefit of the Indenture Trustee, the

Trustee and the Debtors, and their respective successors and assigns (including any trustee or

other fiduciary hereinafter appointed as a legal representative of the Debtors or with respect to

the property of the estates of the Debtors) whether in these Chapter 7 Cases or upon dismissal of

any such case.

8.    **Continued Hearing.** A continued hearing (the "Continued Hearing") on the use of

cash collateral is scheduled for June 26, 2014 at 10:00 a.m., prevailing Eastern Time, in the

United States Bankruptcy Court for the District of Massachusetts, Western Division, sitting in

Springfield, Massachusetts.

9.    **Notice.**No later than three (3) Business Days from the date of this order, the

Trustee shall serve notice of the Continued Hearing on the following parties by United States

first-class mail, postage prepaid (or by CM/ECF on their counsel if counsel has appeared on their

behalf): (a) any party who was given notice of the Hearings; (b) any party which has filed prior

to such date a request for notices with this Court; (c) the Office of the United States Trustee; (d)

the Internal Revenue Service; (e) the Massachusetts Department of Revenue, (f) the Attorney

General of the Commonwealth of Massachusetts; and (g) the Indenture Trustee.

10.    **Objections.**The notice of the Continued Hearing shall state that any party in

interest objecting to the entry of the proposed Final Order shall file written objections with the

Clerk of the Court no later than June 23, 2014, at 4:30 p.m. (the "Objection Deadline"), which

objections shall be served so that the same are received on or before such date by: (a) counsel for

the Trustee, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA  02108-

3107, Attn: Harold B. Murphy and D. Ethan Jeffery, Fax: (617) 556-8985, (b) counsel for the

Indenture Trustee, Schiff Hardin LLP, 233 S. Wacker Drive, Suite 6600, Chicago, IL 60606,

Attn: J. Mark Fisher and Rick L. Frimmer, Fax: (312) 258-5700 and Shatz, Schwartz and Fentin,

P.C., 1441 Main Street, Springfield, MA  01103, Attn: Steven Weiss, Fax: (413) 736-0375 and

(c) the Office of the United States Trustee, 446 Main Street, 14th floor, Worcester,

Massachusetts.  In the event this Court modifies any of the provisions of the Interim Order

following such further hearing, such modifications shall not affect the rights and priorities of the

Indenture Trustee pursuant to the Interim Order with respect to the Collateral, and any portion of

the Replacement Lien which arise or are incurred, advanced or paid prior to such modifications

(or otherwise arising prior to such modifications), and the Interim Order shall remain in full force and effect except as specifically amended or modified at such Final Hearing.

11.    **Telephonic Appearance.**    In the event that no objections to the continued use of cash collateral are filed on or before the Objection Deadline, any party may, upon request made to the Court, appear telephonically at the Continued Hearing.

SO ORDERED by the Bankruptcy Court this 29th day of May, 2014.

Henry J. Boroff
United States Bankruptcy Judge

670019

15520-0046

CH2\14572750.11